1   SCHIFF HARDIN LLP
2   JEFFREY R. WILLIAMS (CSB No. 84156)
    *jrwilliams@schiffhardin.com*
3   P. MARK MAHONEY (CSB No. 232549)
    *pmahoney@schiffhardin.com*
4   JAMES A. RAPORE (CSB No. 278925)
    *jrapore@schiffhardin.com*
5   One Market, Spear Street Tower
    Thirty-Second Floor
6   San Francisco, CA  94105
    Telephone: (415) 901-8700
7   Facsimile:  (415) 901-8701

8   Attorneys for Defendants
    One World Technologies, Inc.;
9   Ryobi Technologies, Inc.; and
    Home Depot U.S.A., Inc.
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14   BRIAN ATKINSON                    Case No: CV 12-7247-DMG (PJWx)

15            Plaintiff,               **DISCOVERY MATTER**

16        v.                           **MOTION FOR ENTRY OF
                                       STIPULATED PROTECTIVE
17   RYOBI TECHNOLOGIES, INC.,         ORDER**
     et al.,
18                                     Judge:  Hon. Dolly M. Gee
              Defendants.              Magistrate Judge:  Hon. Patrick J.
19                                     Walsh
                                       Discovery Cut-off:  June 25, 2013
20                                     Pretrial Conference:  November 5,
                                       2013
21

22

23        Defendants respectfully request that the Court endorse and enter the

24   Stipulated Protective Order executed by the parties and attached as Exhibit

25   1.  Plaintiff, through his counsel of record, has stipulated to the attached

26   Protective Order and does not oppose this motion.

27        As grounds for this motion, defendants state as follows:

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                              - 1 -

1.  This action arises out of an accident involving a table saw in which claims of design defect have been made.

2.  In connection with discovery in this action, documents, information and things will be furnished that constitute, reflect, or contain trade secrets or other non-public, proprietary or business-sensitive information or things, including, without limitation, confidential research, development, financial, corporate, or other commercial information (collectively, "Confidential Materials").

3.  In order to preserve the proprietary interests of the parties or third parties in the Confidential Materials being furnished, defendants respectfully request that this Court enter the attached Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1).

4.  The entry of this Stipulated Protective Order will not put any undue burden on this Court.

5.  Plaintiff has stipulated to the Protective Order and does not oppose this motion.

WHEREFORE, the Parties respectfully request that this Court endorse and enter the Stipulated Protective Order attached hereto as Exhibit 1.

Dated:  February 25, 2013                SCHIFF HARDIN LLP


By:/s/ P. Mark Mahoney
P. Mark Mahoney
Attorneys for Defendants
One World Technologies, Inc.;
Ryobi Technologies, Inc.; and
Home Depot U.S.A., Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

SCHIFF HARDIN LLP
JEFFREY R. WILLIAMS (CSB No. 84156)
*jrwilliams@schiffhardin.com*
P. MARK MAHONEY (CSB No. 232549)
*pmahoney@schiffhardin.com*
JAMES A. RAPORE (CSB No. 278925)
*jrapore@schiffhardin.com*
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone: (415) 901-8700
Facsimile:  (415) 901-8701

Attorneys for Defendants
One World Technologies, Inc.;
Ryobi Technologies, Inc.; and
Home Depot U.S.A., Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ATKINSON<br><br>　　　　Plaintiff,<br><br>v.<br><br>RYOBI TECHNOLOGIES, INC.,<br>et al.,<br><br>　　　　Defendants. | Case No: CV 12-7247-DMG (PJWx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Dolly M. Gee<br>Magistrate Judge:  Hon. Patrick J. Walsh<br>Discovery Cut-off:  June 25, 2013<br>Pretrial Conference:  November 5, 2013 |

## STIPULATED PROTECTIVE ORDER

　　　　IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto through their undersigned counsel, that:

　　　　1.　　Proceedings and Information Governed

　　　　This Protective Order and any amendments or modifications hereto shall govern any documents, information or thing furnished by any party,

- 1 -

including third parties (hereafter termed "conveying party"), to any other party (hereafter termed "receiving party") in connection with the discovery and pretrial phase of this action.

This Protective Order shall not preclude any party from withholding any document, information or thing on the basis of the attorney-client privilege or attorney work-product doctrine, or otherwise affect any party's claim of privilege with respect to any such document information or thing. The inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or otherwise affect any party's right to seek return of the inadvertently produced document, information or thing.  Further, this Protective Order shall not preclude any party from withholding any document, information or thing the disclosure of which might constitute a breach of an agreement with a third party, nor shall it preclude any party from moving the Court for an order directing the disclosure of such materials.

This Protective Order does not govern proceedings during trial, nor does it prohibit either party from seeking a protective order to govern proceedings during trial.

Subject to the terms set forth below, all information produced by a conveying party shall be used by the parties and/or their counsel of record receiving the information solely for the purposes of preparing for and conducting this action, and the information shall not be used for any other purpose.

2.    Definitions

"CONFIDENTIAL MATERIALS" are any documents, information or things that constitute, reflect or contain trade secrets or other non-public, proprietary or business-sensitive information or things, including, without limitation, confidential research, development, financial, corporate, or other

1   commercial information belonging to or concerning a party or conveying

2   party and that a party or conveying party designates as "CONFIDENTIAL"

3   or "CONFIDENTIAL-2" as described below.

4          "Confidentiality Pledge" shall mean an undertaking, in the form

5   attached hereto as Exhibit A, to be bound by the provisions of this

6   Protective Order.

7          "Inadvertent Production" shall mean unintentional or accidental

8   production of privileged documents, information or things for whatever

9   reason irrespective of whether:  (i) such production was careless, reckless,

10   or negligent; or (ii) the precautions taken to avoid such inadvertent

11   production were inadequate.

12          3.     Designation of Confidential Information

13          a.     Documents, information and things produced by a party

14   during the course of this litigation, including but not limited to responses to

15   discovery requests and interrogatories, that are appropriately

16   "CONFIDENTIAL MATERIALS" within the definition provided by Section 2

17   of this Protective Order may be designated by such party, as

18   "CONFIDENTIAL" or "CONFIDENTIAL-2" at the time of production. After

19   such time, a document, information or thing may be designated as

20   "CONFIDENTIAL" or "CONFIDENTIAL-2" in writing, by any party, provided

21   that any such designation shall be within a reasonable time after disclosure.

22   In addition, within one month of the date of this Protective Order, any party

23   may designate as "CONFIDENTIAL" or "CONFIDENTIAL-2" a document,

24   information or thing previously produced in this action.

25          b.     Documents, information and things produced by a party

26   during the course of this litigation, including but not limited to responses to

27   discovery requests and interrogatories, that the producing party has

28   designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be

designated by the conveying party as containing "CONFIDENTIAL" or "CONFIDENTIAL-2" information by placing a "CONFIDENTIAL (or CONFIDENTIAL-2) - Subject to Protective Order" legend on each page and each thing, by so indicating in any other reasonable manner appropriate to the form in which the documents, information or things are made available to the receiving party, or alternatively, by advising the receiving party in writing as to the particular documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL-2."

c.      A party may designate information disclosed at a deposition that represents "CONFIDENTIAL MATERIALS" as defined by Section 2 of this Protective Order, including questions, testimony, documents or exhibits, as "CONFIDENTIAL" or "CONFIDENTIAL-2" by requesting that the reporter so designate all or part of the deposition transcript at the time of the deposition or by requesting such designation in writing within a reasonable time after receipt of the deposition transcript. Where only a portion of a deposition transcript contains "CONFIDENTIAL" or "CONFIDENTIAL-2" information, only such portion of the transcript may be so designated.  Any portions of a deposition transcript designated "CONFIDENTIAL" or "CONFIDENTIAL-2" and any deposition exhibits so designated shall be bound separately and treated accordingly.

d.      Any party invoking "CONFIDENTIAL" or "CONFIDENTIAL-2" protection during a deposition may exclude from the room any person who is not authorized under this Protective Order to receive information designated "CONFIDENTIAL" or "CONFIDENTIAL-2."

e.      Any designation of discovery responses, motion papers, briefs, memoranda or any other papers filed or lodged with the Court and/or served on opposing counsel as "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be made when such papers are filed, lodged and/or served.  The filing

or lodging with the Court of any document containing "CONFIDENTIAL" or "CONFIDENTIAL-2" information shall be done in conformance with Section 5 of this Protective Order.

f.      A party may designate information disclosed at a hearing as "CONFIDENTIAL" or "CONFIDENTIAL-2" by requesting, at the time the information is proffered or adduced, that the Court receive the information in camera and designate the transcript appropriately.

g.      In the event that a party's motion papers, briefs, memoranda, discovery requests, requests for admissions or other papers of any kind contain another party's "CONFIDENTIAL" or "CONFIDENTIAL-2" information, the papers shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" and shall be treated accordingly.

h.      All documents, including attorneys notes and abstracts, that contain another party's "CONFIDENTIAL" or "CONFIDENTIAL-2" information shall be treated as if such documents were also designated as "CONFIDENTIAL" or "CONFIDENTIAL-2."

i.      The parties shall use reasonable care to avoid designating as "CONFIDENTIAL" or "CONFIDENTIAL-2" any document, information or thing that is not entitled to such designation under Fed. R. Civ. Pro. 26(c)(7) or that is generally available to the public.

4.      <u>Use of Confidential Information</u>

a.      Documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL-2" shall not be made public by counsel or persons entitled access to such materials under this Protective Order unless such materials become part of the public record of this action other than through a violation of this Protective Order, and shall not be disclosed to anyone other than this Court and the persons entitled access to such materials under this Protective Order.

b.    All documents, information and things designated "CONFIDENTIAL" or "CONFIDENTIAL·2" may be used by persons to whom such documents, information and things are properly disclosed pursuant to this Protective Order solely for purposes of pretrial preparation and proceedings in this action, trial of this action and any appellate proceedings in this action. Such documents, information and things shall be used for no other purpose unless and until agreed to in writing by all parties to this action or authorized by order of the Court.

Notwithstanding the foregoing, counsel for plaintiff may use any documents, information or things disclosed in this action for purposes of pretrial, trial or appellate proceedings in any other action in which the conveying party is a defendant, counsel for plaintiff in this action represents plaintiff(s) in the other action, and where the allegations concern design defects in power table saws.  Any such use of documents, information, or things in any such other action shall be subject to the terms and conditions of this Protective Order unless and until a superseding order is entered.

c.    Documents, information and things designated "CONFIDENTIAL" may be disclosed by the receiving party or their counsel of record only to:  (i) officers and employees of the receiving party who the receiving party reasonably and in good faith believes need to know in order for the receiving party to prepare for this action; (ii) counsel in this action, and such counsel's stenographic, clerical and paralegal employees whose functions require access to such "CONFIDENTIAL" information; (iii) court reporters and stenographers engaged to transcribe depositions or proceedings in this action; (iv) the Court and its employees; (v) employees of the designating party during the course of a deposition or other proceeding in this action; (vi) experts or consultants retained by the receiving party and whose advice and consultation are being or will be used

1   by the party in connection with this action, provided that such experts and

2   consultants have first executed a Confidentiality Pledge; (vii) any non-party

3   witness or any person reasonably anticipated to be a witness at a

4   deposition or other proceeding in this action provided such person has

5   executed a Confidentiality Pledge; and (viii) any other person, with the prior

6   written approval of the designating party, provided such person has

7   executed a Confidentiality Pledge.

8        d.      Any and all Confidentiality Pledges signed by experts or

9   consultants shall be maintained by the receiving counsel, but need not be

10  produced to opposing counsel absent an order of the Court.  All such

11  Confidentiality Pledges shall be maintained by the receiving party's counsel.

12  At such time that the parties identify experts pursuant to order of the Court

13  or by supplementation pursuant to Fed. R. Civ. P. 26, a copy of the

14  Confidentiality Pledge with respect to each identified expert shall be

15  produced to the opposing counsel within ten days.  At the conclusion of the

16  litigation, counsel for each party shall deliver to opposing counsel a copy of

17  each and every Confidentiality Pledge it obtained during the course of the

18  litigation.

19       e.      Documents, information and things designated

20  "CONFIDENTIAL-2" may be disclosed by the receiving party as allowed in

21  Sections 4(c) and 4(d) above, except that under no circumstances shall

22  documents, information or things designated "CONFIDENTIAL-2" or any of

23  the information contained therein be released or disclosed to Stephen Gass

24  or any agent or employee of SawStop, LLC; SawStop, Inc.; SD3, LLC; or

25  any of their parents, subsidiaries, or affiliated companies.  Plaintiff agrees to

26  the use of this designation without waiving its right to challenge the

27  withholding of any or all information from Stephen Gass.  Such challenge, if

28  any, shall be made by motion to the Court to lift all or part of any restraint

- 7 -

from disclosing such information to Gass.  Plaintiff agrees to abide by such designation until any such designation or restraint is lifted by consent or court order.

   f. In the event that a party desires to provide access to or to disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, and the parties cannot reach agreement between themselves to allow such access, that party may move the Court for an Order that such person be given access thereto.  In the event that the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing a Confidentiality Pledge, a copy of which shall be forwarded promptly thereafter to opposing counsel.

   g. Nothing herein shall restrict a party's use of its own materials that it produces in discovery.

   h. Nothing herein shall restrict a party's use of information which (i) the conveying party agrees, or the Court rules, is already public knowledge, (ii) the conveying party agrees, or the Court rules, has become public knowledge other than as a result of a violation of this Protective Order or by any other unlawful means, (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another.

   i. Nothing herein shall restrict or prohibit discussions with any person about CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession thereof, without restrictions which would

1 independently prohibit such discussion.

2        5.    <u>Filing or Lodging Documents with the Court</u>

3       The Court has not authorized in advance the filing of any document

4 under seal.  In accordance with Local Rule 79-5, if any papers to be filed

5 with the Court contain protected information, the proposed filing shall be

6 accompanied by an application to file the papers, or the portion thereof

7 containing the protected information, under seal and that the application

8 shall be directed to the judge to whom the papers are directed.  A redacted

9 copy of any document filed under seal must be filed in the public record.

10       Any document filed or lodged with the Court in connection with

11 proceedings in this action that constitutes or contains "CONFIDENTIAL" or

12 "CONFIDENTIAL-2" documents, information or things shall be filed with the

13 Clerk of the Court in a sealed envelope, prominently endorsed with the

14 caption of the case, an indication of the general nature of the contents, and

15 the following legend:

<u>CONFIDENTIAL INFORMATION</u>

16

17       This envelope is sealed pursuant to an Order of the
United States District Court, Northern District of

18 California.  It contains information designated as
"CONFIDENTIAL" or "CONFIDENTIAL-2" and is not
to be opened or the contents revealed except by

19 further Order of the Court.

20       Any motion filed with respect to the protective order or documents,

21 information or things labeled ""CONFIDENTIAL" or "CONFIDENTIAL-2"

22 must comply with Local Rule 37.

23       6.    <u>Inadvertent Failure to Designate</u>

24       In the event that a conveying party inadvertently fails to designate

25 documents, information or things as "CONFIDENTIAL" or "CONFIDENTIAL-

26 2," the conveying party may later correct the error by notifying the receiving

27 party of the error in writing and making the appropriate designation in

28 accordance with paragraph 3 above.  The receiving party shall thereafter

treat the documents, information or things in accordance with the designation and shall take reasonable steps to ensure that any person to whom the receiving party has previously disclosed the documents, information or things treats them in accordance with the designation.

If the conveying party chooses to produce new copies of the documents, information or things with the appropriate "CONFIDENTIAL" or "CONFIDENTIAL-2" designation, the receiving party shall return any copies of the documents, information or things that were inadvertently produced without the proper "CONFIDENTIAL" or "CONFIDENTIAL-2" designation to the conveying party without retaining any copies thereof.  The receiving party shall also make reasonable efforts to obtain and return any improperly designated documents, information or things and preclude their dissemination and use by any person to whom the receiving party has previously disclosed the improperly designated documents, information or things.

       7.    <u>Challenge to Designations</u>

         a.    A party may challenge any other party's designation of any document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2" at any time.  Failure of a party expressly to challenge a designation shall not constitute a waiver by such party of the right to assert at a subsequent time that the designation is not appropriate.

         b.    In case of disagreement with the designation of any document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2," a party may request in writing that the designating party change the designation.

         c.    If a party denies a request to change the designation of any document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2" and the requesting party disagrees with the

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

designating party's reasons for such denial or the designating party fails to respond to the request, the requesting party may apply to the Court, in a manner consistent with the Court's Individual Rules applicable to discovery disputes, for an Order removing or changing the designation in the manner stated in the request.  On such application, the designating party shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure. No use or disclosure of any document, information or thing designated "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be made, except as otherwise authorized by this Protective Order, unless and until the parties agree or the Court orders that the designation shall be removed.

        8.   <u>Inadvertent Disclosure</u>

        a.   In the event of an inadvertent disclosure of a party's "CONFIDENTIAL" or "CONFIDENITAL-2" documents, information or things to a person not authorized by this Protective Order to receive such materials, the party making the inadvertent disclosure shall, upon learning of the disclosure:

        (i)   promptly notify the person to whom the disclosure was made that it contains "CONFIDENTIAL" or "CONFIDENTIAL-2" information subject to this Protective Order;

        (ii)   promptly make reasonable efforts to obtain the return of the "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information, or things from and preclude its dissemination or use by the person to whom disclosure was inadvertently made; and

        (iii)   within five (5) business days, serve the conveying party with a written notice stating the identity of the

1    person to whom the disclosure was made, the

2    nature of and circumstances surrounding the

3    disclosure and the steps taken to obtain the return of

4    the improperly disclosed documents, information or

5    things and to ensure against their further

6    dissemination or use.

7    9.    Inadvertent Production of Privileged Documents, Information or

8    Things

9    To facilitate the timely production of voluminous documents in

10   compliance with the parties' respective requests for production, the

11   inadvertent production of any privileged document, information or thing shall

12   not be deemed a waiver of such privilege or otherwise affect any party's

13   right to seek return of the inadvertently produced document, information or

14   thing. The party receiving a document, information or thing that appears to

15   be privileged shall promptly notify the conveying party upon becoming

16   aware that the document, information or thing may have been inadvertently

17   produced and, in any event, before making any use of said document,

18   information or thing in its submissions to the Court or otherwise. The fact

19   that a document, information or thing is listed on a party's privilege log shall

20   be *prima facie* evidence that such document, information or thing has been

21   inadvertently produced, but the failure to list such document, information or

22   thing shall not preclude the conveying party from claiming that the

23   document, information or thing is privileged and was inadvertently

24   produced.

25   In the event documents, information or things which are claimed to be

26   privileged or subject to the work product doctrine are inadvertently produced

27   during discovery, such documents, information or things shall be returned

28   by the receiving party within two days of any written request therefor, unless

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   the receiving party challenges the privileged nature of the documents,

2   information or things in which case the conveying party shall be entitled to

3   make an application to the Court for the return of such documents,

4   information or things.  A claimed lack of privilege (and not the inadvertent

5   production) shall be the sole ground for refusing to return inadvertently

6   produced privileged documents, information or things and such documents,

7   information or things shall only be retained while an application to the court

8   is pending.  While such application is pending, the receiving party shall not

9   use or divulge the contents of such documents, information or things except

10  to the Court under seal.  If the Court finds that the documents, information

11  or things in question are privileged, the receiving party shall promptly return

12  all copies of the inadvertently produced documents, information, or things

13  and not retain any copies, notes or summaries of said documents,

14  information or things.  The receiving party shall also make reasonable

15  efforts to obtain and return any inadvertently produced document(s),

16  information or thing(s) and preclude their dissemination and use by any

17  person to whom the receiving party has previously disclosed the

18  inadvertently produced document(s), information or thing(s).

19      10.   Non-party Information

20      Discovery in this proceeding may involve disclosure by a non-party of

21  its "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information or

22  things. At the option of a non-party, such documents, information or things

23  may be produced subject to the provisions of this Protective Order and, in

24  that event, the non-party shall be provided, with respect to the information

25  produced by such non-party in connection with the discovery and pre-trial

26  phase of this action, with all of the rights and obligations of a party as

27  created by this Protective Order.

28      11.   Subpoenas

a.     In the event any person or party having possession, custody or control of any document, information or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" by another party pursuant to the terms of this Protective Order receives a subpoena or other process or order to produce the document, information or thing, the subpoenaed person or party shall promptly (within five business days):

        (i)     give notification in writing of such fact to the attorneys of record of the designating party;

        (ii)    furnish such attorneys of record with a copy of such subpoenas, process or order; and

        (iii)   provide reasonable cooperation to the designating party with respect to any procedure instituted by the designating party to protect the confidentiality of the document, information or thing, including seeking all reasonable extensions to afford the disputing party an opportunity to obtain appropriate judicial relief;

        (iv)    provide the designated party reasonable time to seek appropriate judicial relief before complying with the subpoena.

b.     If the designating party makes a motion to quash or modify the subpoena, process or order, the subpoenaed party shall not disclose, pursuant to the subpoena, process or order, any document, information or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" by the designating party except as required by an order or other process of the court having jurisdiction over the matter, and then only in accordance with such order or process.

12.    <u>Modification</u>

a.     Nothing herein shall restrict the power of the Court to modify this

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Protective Order or any term hereof for good cause shown.

b.     Nothing herein shall preclude any party from applying to the Court for relief from this Protective Order, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Protective Order.

c.     Nothing herein shall preclude any party from enforcing its rights against any other party or any non-party believed to be violating its rights.

13.    <u>No Waiver</u>

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the exercise of, or failure to exercise, any rights created by this Protective Order, shall constitute a waiver of any right to seek or obtain protection or relief other than as specified herein or to pursue any claim or defense in this action or any other action.  This Protective Order shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or confidential or proprietary information claims, nor shall it relieve a party of its obligation to respond properly to discovery requests.

14.    <u>Disposition of Documents at Termination of Litigation</u>

At the conclusion of this action, each receiving party shall either return all CONFIDENTIAL MATERIALS of a conveying party in its possession, custody or control, and any copies thereof, to counsel for the conveying party, or shall otherwise dispose of such CONFIDENTIAL MATERIALS in a manner agreeable to both parties, except that trial counsel for the receiving party may retain work-product derived from the CONFIDENTIAL MATERIALS of a conveying party.  With respect to any such retained work-product, and unless otherwise agreed to, this Protective Order shall survive the final termination of this action and all other related actions as described above in this paragraph, except to the extent that the information in any

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   CONFIDENTIAL MATERIALS is or becomes known to the public through no

2   fault of the receiving party.

3       15.   Violation of Order

4       Any violation of this Stipulated Protective Order during the pendency

5   of this action or thereafter be grounds for a Motion for Sanctions to be filed

6   in the Federal District Court, Central District of California.

7       16.   Miscellaneous Provisions

8       It is reasonably anticipated that Plaintiff's counsel may receive

9   requests for information and documentation from third parties unrelated to

10  the present litigation.  As such, and subject to the disclosures of

11  "Confidential Information" which may be permitted under section 4.b. above,

12  the following provisions shall apply to such third party requests:

13      a.    Upon a written request to John E. Tiedt, Esq.,Marc S. Hurd,

14  Esq., and/or Jordan Lewis, Esq. ("Plaintiff's Counsel") seeking documents

15  produced in discovery in this action made by a plaintiff's counsel

16  ("Requesting Counsel") in another pending power saw action in another

17  jurisdiction which involves similar allegations of a design defect in a power

18  saw ("Other Action"),[1] Plaintiff's Counsel shall provide written notice

19  ("Written Notice") to Jeffrey R. Williams, Esq. ("Defendants' Counsel") and

20  shall provide Defendants' Counsel with the identification of documents, by

21  Bates Number, that Plaintiff's Counsel intends to produce to Requesting

22  Counsel.

23      b.    Plaintiff's Counsel shall not produce any documents to

24  Requesting Counsel without receiving an executed copy of a stipulated

25  protective order so ordered and entered in the Other Action that is

26  substantially in the same form as the protective order that has been entered

27  _____

28  [1]  Defendants, by agreeing to the term "power saw" in this order, do not waive their right to object to the production of documents if the Other Action does not involve a table saw.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -

by this Court in these power saw actions and provides the same level of protection for documents designated Confidential or Confidential-2 and provides protection for the confidential documents that will be produced by Plaintiff's Counsel to Requesting Counsel.  A copy of such protective order shall be provided to Defendants' Counsel at the same time as the Written Notice.

c.     After reviewing the Written Notice, Plaintiff's Counsel's designation of documents that they intend to produce, and the executed stipulation and protective order entered in the Other Action, Defendants' Counsel shall have 30 days to file a motion objecting to any such disclosure.  No production of documents shall be made by Plaintiff's Counsel to Requesting Counsel until the expiration of this 30-day period and, if such a motion is made by Defendants' Counsel, until further order of this Court.

///
///
///
///
///
///
///
///
///
///
///
///
///

17.    Approval By Court

The parties to this Protective Order agree that they will promptly file a joint motion for entry of this Stipulated Protective Order.  The parties further agree that they will tender this Stipulated Protective Order to the Court to be so ordered and that, prior to approval by the Court, this Stipulated Protective Order shall be effective and binding on the parties hereto as if approved by the Court.

**SO STIPULATED.**

Dated:  February 25, 2013        By:    _____/s/ Mark Hurd_____

Marc Hurd
TIEDT & HURD
980 Montecito Drive, Suite 209
Corona, CA 92879
Attorneys for Plaintiff

Dated:  February 25, 2013        By:    _____/s/ Jordan Lewis_____

Jordan Lewis
KELLEY/UUSTAL LAW FIRM
700 SE 3RD Avenue, Third Floor
Ft. Lauderdale, FL 33316
Attorneys for Plaintiff

Dated:  February 25, 2013        By:    _____/s/ P. Mark Mahoney_____

P. Mark Mahoney
SCHIFF HARDIN LLP
One Market, Spear Tower,
32nd Floor
San Francisco, CA 94105
415-901-8700
Attorneys for Defendants
One World Technologies, Inc.;
Ryobi Technologies, Inc.; and
Home Depot U.S.A., Inc.

**SO ORDERED**,


This 28th day of February, 2013

_Patrick J. Walsh_
_____
Hon. Patrick J. Walsh
United States Magistrate Judge